IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HILTON THOMAS, # 33062-037 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-12-453 |
| UNITED STATES OF AMERICA | * | |
| Defendant | * | |
| | *** | |

**MEMORANDUM**

Hilton Thomas, a federal inmate, brings this action for declaratory judgment under 28 U.S.C. § 2201 in which he asks this Court *inter alia* to declare: 1) constitutional rights are superior to statutory rights; 2) any waiver of an "unalienable constitutional right by an accused must appear on the record of proceedings" to be of legal force and effect; 3) the constitution of the United States is the superior law of the land; 4) rights are classified in constitutional law as natural, civil, and political; 5) no waiver of Thomas' "First Amendment constitutional rights for redress Redress [sic] of Grievance appears upon the record;" and 6) the maxim of the Court of the United States is "first, do no harm."  ECF No. 1.  Plaintiff has also filed a Motion to Proceed in Forma Pauperis which will be granted for the limited purpose of preliminary review. The Complaint will be dismissed for failure lack of jurisdiction pursuant to Rule 12(h) of the Federal Rules of Civil Procedure.

   I.   DISCUSSION

The Court recognizes that Plaintiff is a self-represented litigant,  As such, this Court is required to hold his pleadings to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does not mean

that it can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, or assume the existence of a genuine issue of material fact where none exists. *See Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir.1998). There is no presumption of jurisdiction, *see Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)), and a federal court is required to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; s*ee also* Fed.R.Civ.P. 12(h) (3).

Further, federal courts hear only "cases" and "controversies." U.S. Const. Art. III, § 2. The United States Constitution prohibits federal courts from issuing advisory opinions. For a federal district court to have jurisdiction to issue a declaratory judgment two conditions must be satisfied. There must be a "case or controversy" and a "prudential" inquiry by the trial court that declaratory relief is appropriate. *See White v. National Union Fire Insurance Company*, 913 F.2d 165, 167 (4th Cir.1990). To satisfy Article III's case-or-controversy requirement, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Company v. Pacific Coal & Oil Company*, 312 U.S. 270 (1941)).

In this case, Thomas asks for an advisory opinion and provides no facts to show any controversy or case in which he is presently involved or has adverse legal interests. He provides

no grounds for declaratory relief. To the extent Thomas intends to challenge his incarceration or the denial of his Motion to Vacate, Set Aside or Correct,[1] he cannot circumvent 28 U.S.C. § 2255(h), which requires a petitioner to obtain pre-filing authorization from a three-judge panel of the Court of Appeals before bringing a second or successive § 2255 proceeding in federal district court. Accordingly, this case will be dismissed for lack of jurisdiction by a separate order to follow.

/s/

03/07/2012
Date

William M. Nickerson.
Senior United States District Judge

---

[1] Thomas mentions ECF No. 349, which this Court presumes is a reference to his Motion to Vacate, Set Aside or Correct in Civil Action No. WMN-11-1932 (D. Md). This Court dismissed that case without prejudice for lack of jurisdiction after finding Thomas had presented no evidence of obtaining pre-filing authorization to bring a successive § 2255 action. ECF Nos. 350 and 351. Thomas appealed the dismissal, and the United States Court of Appeals for the Fourth Circuit denied a Certificate of Appealability on December 23, 2011.